IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                        |   |                |
|------------------------|---|----------------|
|                        | ◊ |                |
| NEWTON O. BEY,         | ◊ |                |
|                        | ◊ |                |
|     Petitioner,        | ◊ |                |
|                        | ◊ |                |
| vs.                    | ◊ | No. 06-2491-B/P |
|                        | ◊ |                |
| BRUCE PEARSON,         | ◊ |                |
|                        | ◊ |                |
|     Respondent.        | ◊ |                |
|                        | ◊ |                |

---

**ORDER DENYING AS MOOT MOTION TO EXPEDITE
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE**

---

Petitioner Newton O. Bey, Bureau of Prisons inmate registration number 06629-031, an inmate at the Federal Correctional Institution in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on July 11, 2006 (Docket Entry ("D.E.") 1).  On August 1, 2006, Bey paid the filing fee.  On November 20, 2006, Petitioner filed a document, entitled "Motion Day" which seeks an expedited ruling on his petition.  (D.E. 2). In light of the issuance of this order, that motion is DENIED as moot.

In November 1994, Bey was charged with six drug trafficking offenses in the United States District Court for the District of Kansas.  On January 10, 1995, pursuant to a plea agreement, Bey

pled guilty to one count of distributing cocaine base and one count of carrying a firearm in relation to a drug trafficking offense. The plea agreement provided that the government (1) would recommend a three-level reduction for acceptance of responsibility; (2) would recommend a sentence at the lower end of the guideline range; (3) would take no opposition on the issue of sentence enhancement for a supervisory role; (4) would provide pertinent information to the United States Probation Office concerning defendant's involvement in the offense; and (5) would be entitled to correct any factual inaccuracies raised by the defendant at the time of sentencing. The presentence investigation report included a three-level enhancement for defendant's supervisory role in the offense, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(b). At the sentencing hearing held on April 10, 1995, the district court granted Bey a three-level reduction for acceptance of responsibility, but assessed him the three-level enhancement for his supervisory role in the offense. The district court sentenced Bey to 135 months imprisonment on the distribution count and a five year sentence of imprisonment on the firearms count, to be served consecutively. Bey was granted an out of time appeal and his sentence was affirmed by the Tenth Circuit Court of Appeals on March 25, 1998. Bey filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 which was denied by the district court and on

appeal.  <u>United States v. Bey</u>, 2000 WL 217059 at **1-**2 (10th Cir.

Feb. 21, 2000).

        Bey alleges in this petition that his projected release date

is in July of 2008; however, he contends he is entitled to an

earlier release date based upon his successful completion of the

Residential Drug Abuse Program ("RDAP") in November of 1996.  Bey

states that he submitted two "Inmate Request[s] to Staff Member" in

which he requested "the year off for completing the RDAP program in

1996."   Bey received a response which advised him that he was

ineligible due to his firearms conviction.

        "Title 18 U.S.C. § 3621 governs the imprisonment of persons

convicted of federal crimes."   <u>Lopez v. Davis</u>, 531 U.S. 230, 233

(2001).

> In 1990, Congress amended the statute to provide that
> "[t]he Bureau shall . . . make available appropriate
> substance abuse treatment for each prisoner the Bureau
> determines has a treatable condition of substance
> addiction or abuse." Pub.L. 101-647, § 2903, 101 Stat.
> 4913.[1] Four years later, Congress amended § 3621, this
> time to provide incentives for prisoner participation in
> BOP drug treatment programs. The incentive provision at
> issue reads: "The period a prisoner is convicted of a
> nonviolent offense remains in custody after successfully
> completing a treatment program may be reduced by the
> Bureau of Prisons, but such reduction may not be more
> than one year from the term the prisoner must otherwise
> serve." Pub.L. 103-322, § 32001, 108 Stat. 1897 (codified
> at 18 U.S.C. § 3621(e)(2)(B)).

<u>Id.</u>

---

[1]        This provision is currently codified at 18 U.S.C. § 3621(b).

Bey seeks a declaration that he is entitled to a reduction in his sentence based upon his successful completion of the RDAP. To obtain federal habeas review of the execution of a federal sentence, a prisoner must first exhaust his administrative remedies through the BOP. United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir. 1992); see also Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987)(requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981) (same).  Bey contends that exhaustion does not apply to a properly filed § 2241 petition.  He is mistaken.  This requirement is applicable to issues concerning the operation of the drug abuse treatment programs. 28 C.F.R. § 550.60.

Pursuant to the BOP's administrative remedy program, 28 C.F.R. §§ 542.10-542.19, the warden has the initial responsibility for responding to grievances, id., § 542.11(a). An inmate who is not satisfied with the warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." Id. § 542.15(a). According to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." Id. § 542.18.

Bey admits that he has not exhausted his administrative remedies. He contends that exhaustion would be "futile". Bey's conclusory allegation of futility does not excuse his total failure to file a formal grievance. Bey has made no attempt to exhaust his administrative remedies and is not entitled to relief under 28 U.S.C. § 2241. Accordingly, the petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

---

[2]     Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of

orders denying habeas petitions. <u>Kincade</u>, 117 F.3d at 951. Rather, to appeal <u>in</u> <u>forma</u> <u>pauperis</u> in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u>, the prisoner must file his motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reason the Court dismisses the petition, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> is DENIED. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 9th day of January, 2007.

s/ J. DANIEL BREEN

7

UNITED STATES DISTRICT JUDGE